In the Matter of WALTER ROCHOW et al., Appellants, against H. ELIOT KAPLAN et al., Constituting the Civil Service Commission, Respondents.

Third Department, July 12, 1960.

*Jack Goodman* for appellants.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* and *Paxton Blair* of counsel), for respondents.

COON, J. Petitioners appeal from an order of the Supreme Court which dismissed their petition.

This is a proceeding under article 78 of the Civil Practice Act which sought to annul a determination of the Civil Service Commission that applicants might use a certain method of recording dictation in taking examinations for the position of hearing reporter and the position of hearing stenographer. The notice of examination permitted the taking of dictation by " manual shorthand ", by " shorthand-writing machines " and by " closed microphones into which the reporter *noiselessly* records what is being said." Petitioners are professional stenographers and reporters and use a shorthand writing machine known as " stenotype ". It is their principal contention that permission to use the " stenomask " or closed microphone method is arbitrary and capricious.

It helps but little, if any, to discuss dictionary definitions of " stenographic " and other similar words. New methods of accomplishing a given result are constantly appearing in many fields, and they may not readily fit into the definition of words in existing use.

The purpose of these examinations is to ascertain what persons are qualified to record and transcribe with the required accuracy what is spoken at hearings. The commission is not bound to limit the method used to one or two, nor is it barred

from accepting new or different techniques and equipment, if there be any reasonable basis for doing so.

We do not think this court (or the petitioners) should weigh and balance the merits or demerits of the closed microphone method. That is precisely the function and duty of the commission. The record shows that, after a comprehensive investigation, the commission found that the system in question had been in successful use in numerous Federal agencies, a number of courts and had been accepted by the United States Civil Service Commission. Under these circumstances the determination of the commission to accept the method may not be said to be arbitrary or capricious.

If, as petitioners urge, there be some types of hearings where the closed microphone method may not presently be legally used, it is obvious that the method will not be there used, and users of other methods, including petitioners', will benefit.

The order should be affirmed, with $10 costs.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order affirmed, with $10 costs.